UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THE CINCINNATI INDEMNITY  　　　CASE NO.:
COMPANY,

    Plaintiff,

v.

DOUGLAS K. CANNON,
VIRGINIA M. CANNON
and DK CANNON, INC.,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff The Cincinnati Indemnity Company (Cincinnati), by counsel, files this Complaint for Declaratory Relief seeking a declaration that Cincinnati owes no duty to indemnify Defendants Douglas K. Cannon and Virginia M. Cannon (the Cannons) with respect to an uninsured/underinsured motorist (UM) claim that has been submitted to Cincinnati under an insurance policy issued to DK Cannon, Inc. ("Cannon Inc."), and states as follows:

## Parties, Jurisdiction and Venue

1. This is an action for declaratory relief, pursuant to Chapter 86, Florida Statutes, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, to determine the parties' rights and obligations under an insurance policy.

2. At all times material, Plaintiff The Cincinnati Indemnity Company (Cincinnati) was a corporation organized and existing under the laws of Ohio with its principal place of business in Fairfield, Ohio.

3. At all times material, Cincinnati was duly authorized to transact insurance business in Florida, including the issuance of business auto insurance policies to Florida corporations.

4. At all times material, Defendants Cannon were citizens of Florida and residents of Milton, Santa Rosa County, Florida.

5. At all times material, Defendant Cannon Inc. was a corporation organized and existing under the laws of Florida with its principal place of business in Milton, Santa Rosa County, Florida.

6. This action is brought pursuant to 28 U.S.C. §§ 1332, 2201 and 2202 as there is complete diversity of citizenship between Plaintiff and Defendants.

7. While no monetary damages are sought in this declaratory judgment action, the insurance policy at issue contains a policy limit in dispute that is in excess of $75,000.00. More specifically, Cincinnati issued an insurance policy to Cannon Inc. that contains UM limits of $500,000.00 per accident.

8. The Cannons seek to recover UM coverage arising from an October 11, 2023 motor vehicle accident ("the Accident") that occurred in Escambia County, Florida.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 (a) and 1332 (c), as complete diversity exists and more than $75,000.00 is at issue, exclusive of fees, interest and costs.

10. Venue is proper under 28 U.S.C. §§ 1391 (a) (1) and (2) and 1391 (b) because the Accident giving rise to the Cannons' UM claim occurred in

Escambia County and Defendants are residents of Santa Rosa County, both of which are within the Pensacola Division of this Court.

**Factual Background**

11. Cincinnati issued to Cannon Inc. a business auto insurance policy ("the Policy"), which that was in effect on the date of the Accident.

12. The Policy, which was issued to Cannon Inc. and assigned policy number ENP 052 98 84, has effective dates of May 15, 2023 to May 15, 2024 and includes UM limits of $500,000.00 per accident. A copy of the Policy and its Declarations, as well as any applicable endorsements, is attached hereto as Exhibit "A."

13. The Cannons claim entitlement to the Policy's UM coverage.

14. At the time of the Accident, the Cannons were occupants of a 2020 Ford Expedition, VIN 1FMJU1NT8LEA32490, which was owned by Defendant Virginia M. Cannon (the "Expedition").

15. The Expedition was not owned, in whole or in part, by Cannon Inc. and was not a scheduled insured vehicle under the Policy, but was

insured under a personal auto policy issued to the Cannons by Progressive American Insurance Company.

16.  The Cannons claim to have sustained uninsured or underinsured bodily injury as a result of the Accident due to the alleged negligence of Muriel S. Cutshaw, who was the driver of a 2009 Honda Accord owned by Glen E. Cutshaw and insured by GEICO.

### General Allegations

17.  The Policy contains a "Schedule of Coverages and Covered Autos," with Symbols "7, 8, 9" for "Uninsured Motorists."

18.  The Business Auto Coverage Form, Section I – Covered Autos, contains the following description of covered auto designation symbols:

> 7 = SPECIFIC DESCRIBED "AUTOS."  Only those "autos" described in ITEM THREE of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in ITEM THREE).

> 8 = HIRED "AUTOS" ONLY. Only those "autos" you lease, hire, rent or borrow.  This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees" or partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

9 = NONOWNED "AUTOS" ONLY. Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees," partners (if you are a partnership), members (if you area  limited liability company), or members of their households but only while used in your business or your personal affairs.

19. The Policy contains an endorsement for FLORIDA UNINSURED MOTORISTS COVERAGE – NONSTACKED, which provides:

**Who is an Insured**

The following are "insureds":

2. If an entity other than a natural person is listed as a Named Insured on this endorsement, and no natural persons are listed as a Named Insured in the endorsement, the following persons are "insureds":

- a. Any natural person, but only for injuries that occur while "occupying an "auto" for which coverage is provided in the Coverage Form or a temporary substitute for such covered "auto." In such case, the covered "auto" must be out of service because of its break down, repair, servicing, "loss" or destruction.
- b. Any natural person is an "insured," but only for damages he or she is entitled to recover because of "bodily injury" sustained by an "insured" described in Paragraph B. 2. a.

6

20. The Policy also contains exclusions, including an exclusion for "bodily injury" sustained by an 'insured' while the 'insured' is operating or 'occupying' a 'motor vehicle owned by, furnished to, or available for the regular use of a Named Insured or, if the Named Insured is a natural person, a spouse or a resident relative of such Named Insured, if the 'motor vehicle' is not specifically identified in the Coverage Form, or is not a newly acquired or replacement "motor vehicle" covered under the terms of the Coverage Form."

21. The Expedition is not specifically identified in the Coverage Form, and whether that vehicle otherwise qualifies for coverage is the subject of Cincinnati's request for declaratory relief.

## COUNT I – DECLARATORY RELIEF

22. Cincinnati incorporates the allegations in paragraphs 1 through 21, above.

23. This is an action for declaratory relief, pursuant to 28 U.S.C. § 2201, to construe coverage under the Policy because a bona fide, actual, present and practical need for a declaration of the respective rights and

obligations of Cincinnati and Defendants exist, as the rights of the parties are dependent upon an interpretation of the Policy.

24. The parties are in doubt as to their rights and obligations under the Policy.

25. The parties are in need of a judicial determination of their rights and obligations, and this action does not constitute mere legal advice, because the Cannons claim entitlement to UM coverage under the Policy.

26. Cincinnati is not currently aware of any dispute between itself and Cannon Inc. as to coverage under the Policy. However, Cannon Inc. has been included because it is the named insured under the Policy and has or may have an interest in the outcome of this action.

26. Pursuant to the terms and conditions of the Policy, Cincinnati seeks a declaration that the Policy does not provide UM coverage to the Cannons for any claims or potential claims arising out of the Accident because the vehicle occupied by them was not a scheduled insured vehicle under the Policy and does not qualify for coverage as a hired or nonowned auto under the circumstances of the Accident. Additional provisions may

also preclude or limit UM coverage, and Cincinnati has not waived any defenses, limitations, exclusions or other provisions.

27.  Cincinnati does not request a ruling on the question of its duty to defend under the Policy, but instead seeks a determination as to its duty to indemnify.

WHEREFORE, The Cincinnati Indemnity Company requests that the Court enter judgment in its favor as follows:

a.  Declaring that the Policy does not provide UM coverage to the Cannons for any claims or potential claims arising out of the Accident because the Expedition that they were occupying fails to qualify as a covered auto under the Business Auto Coverage Form, with respect to the Accident, and

b.  Such additional declaratory or further relief as may be just and proper under the circumstances.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated:  January 11, 2024.

                                        Respectfully submitted,

                                        */s/ David A. Glenny*
                                        David A. Glenny
                                        Florida Bar No.:  371807
                                        DGH LEGAL, PLLC
                                        1333 S.E. 25th Loop, Suite 101
                                        Ocala, Florida 34471
                                        (352) 732-2255 - phone
                                        (352) 351-0166 - fax
                                        glenny@dghlegal.com
                                        *Attorney for Plaintiff The Cincinnati Indemnity Company*